IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JUDITH RASBAND, an individual, and CONSELLE, LLC, a limited liability company,<br><br>    Plaintiffs,<br><br>vs.<br><br>MICHELLE T. STERLING, an individual, GLOBAL IMAGE GROUP, INC., a corporation, STERLING STYLE ACADEMY, and JOHN DOES I-X,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE EX PARTE MOTION FOR ORDER ALLOWING SERVICE BY PUBLICATION AND EXTENDING TIME FOR SERVICE<br><br><br><br>Case No. 2:12-CV-509 TS |

This matter is before the Court on Plaintiffs' Ex Parte Motion for Order Allowing Service by Publication and Extending Time for Service.  For the reasons set forth below, the Court will deny the Motion without prejudice.

1

I.  BACKGROUND

Plaintiffs filed this action against Defendants on May 5, 2012, alleging copyright infringement, Lanham Act violations, intentional interference with prospective economic relations, a violation of the Utah Unfair Competition Act, and alter ego.  On September 21, 2012, Plaintiffs sought additional time to serve Defendants pursuant to Fed. R. Civ. P. 4(m).  The Court granted that request on September 24, 2012, granting Plaintiffs an addition 120 days to effect service.  Plaintiffs now seek permission to effect service by publication.

II.  DISCUSSION

Pursuant to Fed. R. Civ. P. 4(e)(1), the Court may allow service of process as permitted by Utah law.  Rule 4(d)(4)(a) of the Utah Rules of Civil Procedure provides:

> Where the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence, where service upon all of the individual parties is impracticable under the circumstances, or where there exists good cause to believe that the person to be served is avoiding service of process, the party seeking service of process may file a motion supported by affidavit requesting an order allowing service by publication or by some other means.  The supporting affidavit shall set forth the efforts made to identify, locate or serve the party to be served, or the circumstances which make it impracticable to serve all of the individual parties.[1]

> Under this rule, litigants may not resort to service by publication until they have first undertaken reasonably diligent efforts to locate the party to be served.  This reasonable diligence requirement arises from constitutional due process rights and the recognition that publication alone is generally not a reliable means of informing interested parties that their rights are at issue before the court.[2]

---

[1] Utah R. Civ. P. 4(d)(4)(A).

[2] *Jackson Constr. Co., Inc. v. Marrs*, 100 P.3d 1211, 1215 (Utah 2004).

"A determination of reasonable diligence thus properly focuses on the *plaintiff's* efforts to locate the defendant.  Relevant factors may include the number of potential defendants involved, the projected expense of searching for them, and the number and type of sources of available information regarding their possible whereabouts . . . ."[3]

"The reasonable diligence standard does not require a plaintiff to exhaust all possibilities to locate and serve a defendant.  It does, however, require more than perfunctory performance."[4]

> The diligence to be pursued and shown by the affidavit is that which is reasonable under the circumstances and not all possible diligence which may be conceived.  Nor is it that diligence which stops just short of the place where if it were continued might reasonably be expected to uncover an address or the fact of death of the person on whom service is sought. . . . [Reasonable diligence] is that diligence which is appropriate to accomplish the end sought and which is reasonably calculated to do so.  If the end sought is the address of an out-of-state defendant it encompasses those steps most likely, under the circumstances, to accomplish that result.[5]

> To meet the reasonable diligence requirement, a plaintiff must take advantage of readily available sources of relevant information.  A plaintiff who focuses on only one or two sources, while turning a blind eye to the existence of other available sources, falls short of this standard.  In a case such as this, involving out-of-state defendants, a plaintiff might attempt to locate the defendants by checking telephone directories and public records, contacting former neighbors, or engaging in other actions suggested by the particular circumstances of the case.  Advances in technology, such as the Internet, have made even nationwide searches for known individuals relatively quick and inexpensive.[6]

---

[3] *Id*. at 1216.

[4] *Id*. at 1217 (internal quotation marks and citation omitted).

[5] *Parker v. Ross*, 217 P.2d 373, 379 (Utah 1950) (Wolfe, J., concurring).

[6] *Jackson Constr.*, 100 P.3d at 1217.

With this standard in mind, the Court considers Plaintiffs' Motion. The Affidavit of Plaintiffs' Counsel states that his office delivered a Summons and Complaint to be served on Defendants at their last known address. Service was attempted twice, but was unsuccessful. Counsel states that "the present residence address of the Defendants, Michelle Sterling and Sterling Style Academy, is unknown due to Ms. Sterling's transient nature and personal service cannot be obtained."[7]

The Court finds that the evidence presented in Plaintiffs' Motion falls short of what is required to allow service by publication under Utah law. According to their Motion, Plaintiffs have only attempted service at Defendants' last known address. Plaintiffs do not describe any other acts taken to serve or locate Defendants. Plaintiffs make the conclusory statement that personal service cannot be obtained, but have not provided the Court with sufficient information to support this conclusion. Therefore, the Court is unable to grant the Motion at this time.

III.  CONCLUSION

It is therefore

ORDERED that Plaintiffs' Ex Parte Motion for Order Allowing Service by Publication and Extending Time for Service (Docket No. 9) is DENIED WITHOUT PREJUDICE.

DATED   January 22, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[7] Docket No 9-1, ¶ 4.